862 F.2d 320
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John A. BOTT and Jac Products, Inc., Plaintiffs-Appellees,
v.
FOUR STAR CORPORATION, Defendant-Appellant.
 No. 88-1268.
 United States Court of Appeals, Federal Circuit.
 Oct. 7, 1988.
 
 Before NIES, Circuit Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Four Star Corporation appeals from the judgment of the United States District Court for the Eastern District of Michigan, Southern Division, No. 86-CV-70176-DT, dismissing its counterclaim against John A. Bott and Jac Products, Inc. (collectively Bott), for infringement of its U.S. Patent No. 4,372,469 ('469) claiming an improved cross-rail for an automobile roof rack. We affirm.
 
 
 2
 The district court found that the accused structure did not meet three elements of the claim either literally or by equivalence. Although we have not been persuaded of error in the district court's claim interpretation, or clear error in any of its findings, it is sufficient to preclude a finding of infringement if a single limitation of a claim does not find an exact or equivalent counterpart in the accused device. Perkin-Elmer Corp. v. Westinghouse Elec. Corp., 822 F.2d 1528, 1533, 3 USPQ2d 1321, 1325 (Fed.Cir.1987) (quoting Lemelson v. United States, 752 F.2d 1538, 1551, 224 USPQ 524, 533 (Fed.Cir.1985)).
 
 
 3
 With respect to the claim requirement for a "downwardly curving upper surface," Four Star urges that we need only look at Bott's accused devices to see that the accused structure has a cross-rail which in cross section has a downwardly curving "upper surface." We cannot agree that this comparison disposes of the matter. The question remains what is meant by "upper surface." The specification does not disclose whether by "upper surface" the inventors meant the entire upper half of the generally oval-shaped cross section of the cross-rail or a lesser portion.
 
 
 4
 In finding that Bott's accused device did not meet this limitation of the claim, the district court relied on an explanation rendered by Four Star in response to Bott's summary judgment motion which sought a holding of invalidity of the '469 patent. In that explanation Four Star stated that the cross-rail disclosed in the Burland prior art reference which, like Bott's device, is partially flat across the upper half was distinguishable on the ground that Burland had a flat "upper surface." Because a claim must be given the same interpretation for validity as for infringement, W.L. Gore & Associates, Inc. v. Garlock, Inc., 842 F.2d 1275, 1279, 6 USPQ2d 1277, 1280 (Fed.Cir.1988), the district court did not err in relying on Four Star's validity position as an admission of the meaning of the claim. The district court then reasoned that "if the upper surface of the patent in suit is different than the upper surface of the Berland [sic] patent, and the upper surface of the accused devices and the Burland patent are the same, the upper surface of the patent in suit and the upper surface of the accused devices are different." While Four Star argues that this reads a limitation of continuously downwardly curving upper surface into the claim, i.e., that the entire upper half must curve, we do not agree. The court's interpretation gives meaning, that is, defines "upper surface" as only a portion of the upper half. Four Star points to no evidence of record which defines the "upper surface" more broadly.
 
 
 5
 The entirety of Four Star's argument regarding equivalence is that "the top surface of the accused structure performs the same function as the 'downwardly curving upper surface' defined in the claims." That conclusory statement is wholly insufficient to persuade us to reverse the district court's contrary finding.
 
 
 6
 Having considered all of Four Star's arguments, we are unpersuaded of legal or factual error in the judgment of the district court; thus, we affirm.